```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

JOSEPH A. THOMAS,                      :
                                       :
    Plaintiff,                        :
                                       :
vs.                                    :    CIVIL ACTION 12-0180-M
                                       :
MICHAEL J. ASTRUE,                     :
Commissioner of Social Security,       :
                                       :
    Defendant.                        :


MEMORANDUM OPINION AND ORDER

    In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21). Oral argument was waived in this action (Doc. 20). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

    This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-three years of age, had completed a high school education[1] (Tr. 45), and had previous work experience as a carpenter and tile layer (Tr. 46).  In claiming benefits, Plaintiff alleges disability due to Hepatitis B and C, anxiety, and depression (Doc. 13).

The Plaintiff filed applications for disability insurance benefits and SSI on June 3, 2009 (Tr. 129-35; *see also* Tr. 14).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Thomas could not perform a full range of light work, he was capable of performing

---

[1]**Error! Main Document Only.**Plaintiff testified that he had received

2

jobs existing in the national economy (Tr. 14-26).  Plaintiff requested review of the hearing decision (Tr. 7-8) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Thomas alleges that the ALJ did not properly consider the opinions of her treating physician (Doc. 13).  Defendant has responded to—and denies—this claim (Doc. 16).

Plaintiff's only claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physician.  More specifically, Thomas has referenced the opinion of treating physician Dr. Kenneth Sherman (Doc. 13).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2012).

---

a Graduate Equivalency Degree (Tr. 40).

[2] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

On November 15, 2010, Dr. Kenneth Sherman completed a Mental Residual Functional Capacity Questionnaire in which he indicated that Thomas was mildly restricted in his daily living activities and in maintaining social functioning (Tr. 398-99). The doctor went on to indicate that Plaintiff would often suffer deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely and appropriate manner and that he could be expected to have one or two episodes of decomposition in work or work-like settings which would cause him to withdraw from that situation or experience exacerbation of signs and symptoms for a period lasting at least two weeks.

At the hearing before the ALJ, a vocational expert (hereinafter *VE*) gave testimony as to jobs that Thomas could perform based on questions asked by the ALJ (Tr. 56-58).  When given the opportunity to question the VE, Plaintiff's Attorney asked her what jobs Thomas would be able to perform based on Dr. Sherman's conclusions in his Questionnaire; the VE said there were none (Tr. 58-59).

In her determination, the ALJ explained her analysis for determining that Thomas's mental impairments would not keep him from working (Tr. 17-20).  More specifically, the ALJ found that Plaintiff had only mild restrictions in daily living activities

4

and social functioning. In reaching that decision, the ALJ gave great weight to the opinions of Dr. Sherman (Tr. 18-19).

The ALJ went on to find that Plaintiff had moderate restrictions in concentration, persistence, or pace; the ALJ rejected Dr. Sherman's opinion that Thomas would often suffer deficiencies of concentration, persistence, or pace (Tr. 19). The ALJ rejected Sherman's finding because the Questionnaire did not define *often*; the ALJ indicated that she was unsure whether it meant moderate or marked and went on to say the following:

> Despite this one selection, Dr. Sherman's evaluation proceeded to note that claimant was only mildly limited in the ability to perform simple and repetitive tasks, and in the ability to complete work related activities in a normal workday or workweek. ([Exhibit 15F]). Dr. Sherman also completed a Clinical Assessment of Fatigue form in November 2010, and determined that claimant's fatigue would not prevent him from functioning in everyday activities or work, and that claimant could work 8 hours per day, 40 hours per week on a sustained basis, without missing more than 2 days of work per month. (Exhibit 16F). Thus, a review of the entirety of Dr. Sherman's evaluation suggests that it is his opinion that claimant is only mildly limited in this area. Alternatively, and to the extent that Dr. Sherman has somehow opined that claimant has more than a moderate limitation, the record does not support such a finding. Again, claimant admits that he has no limitation in counting change, handling a savings account, reading, writing,

5

> arithmetic, and paying bills if needed.
> (Exhibit 6E and Hearing testimony). Combine
> these admissions with Dr. Davis' examination
> in October 2009 (Exhibit 6F), and the record
> supports not more than a moderate limitation
> to claimant's concentration, persistence and
> pace.

(Tr. 19).

The ALJ went on to find that Thomas had experienced no episodes of decompensation (Tr. 20). The ALJ rejected Dr. Sherman's opinion that Plaintiff would experience one or two episodes, noting that there was no record of inpatient psychiatric treatment. The ALJ further found that there was nothing in Sherman's treatment notes to support his conclusion and that his overall evaluation contradicted his conclusion as well. The ALJ also noted that Plaintiff did not live in a highly supportive living arrangement and that he was able to go out on his own to get his medications, see his doctors, and meet with his attorney. Finally, the ALJ noted that Dr. Sherman's opinion was inconsistent with the other evidence of record.

In bringing this action, Plaintiff complains that "the ALJ only gave significant weight to the portions of Dr. Sherman's opinion that support the decision" (Doc. 13, p. 3). The Court finds, however, that the ALJ gave significant weight to the portions of Dr. Sherman's opinion that were supported by the

6

evidence. The ALJ explained why she rejected two of the doctor's conclusions. Plaintiff has failed to point to any evidence that demonstrates why the ALJ is wrong. It is of no moment that the VE stated that Thomas would be unable to work based on the conclusions of Dr. Sherman if the Doctor's conclusions are not supported by the evidence. The Court finds that they are not. Furthermore, the Court finds the ALJ's decision to be supported by substantial evidence.

Plaintiff has raised a single claim in bringing this action. That claim is without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 28th day of November, 2012.


                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE